329 S.E.2d 893

**Nellie M. DENNEY**

v.

**Phyllis J. RUTLEDGE,**
**Clerk, etc., et al.**

**No. 16326.**

Supreme Court of Appeals of
West Virginia.

April 18, 1985.

Robert J. Lamont, WV Legal Services Plan, Huntington, for appellant.

Joseph E. Kenna, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an appeal by the claimant, Nellie M. Denney, from an order of the Circuit Court of Kanawha County which affirmed a decision of the West Virginia Department of Employment Security holding that the claimant was disqualified from receiving unemployment benefits for an indefinite period. On appeal, claimant contends that the circuit court's decision was not supported by the record and that the administrative law judge erred by switching the issue in the case from misconduct to voluntary quit. She also argues that the judge and Board of Review failed to make adequate inquiry into the facts of the case and that the judge and Board of Review failed to make adequate findings of fact and adequate explanations of their legal conclusions. After examining the questions presented, we conclude that the trial court committed no reversible error, and we affirm the judgment of the Circuit Court of Kanawha County.

The claimant in this proceeding worked at Lakin Hospital from November 26, 1973, through April 30, 1982. She was dismissed from employment effective May 19, 1982, by letter dated May 4, 1982. The letter indicated that the claimant was being dismissed because she had failed to report to work for an extended time and had failed to contact the employer about her whereabouts.

After receiving the dismissal letter, the claimant, on August 18, 1982, filed a claim for unemployment compensation benefits. On August 20, 1982, that claim was denied by a deputy of the Department of Employment Security. In his opinion, which was issued on a standard form used by the Department of Employment Security, the deputy checked a box which indicated that the claimant was disqualified for misconduct. In his facts and comments, he clearly indicated that the misconduct which disqualified the claimant was her repeated absenteeism and abandonment of her position.

Pursuant to the provisions of W.Va.Code, 21A-7-9, the claimant appealed the deputy's decision to the Board of Review of the Department of Employment Security. A hearing was held on the appeal before an administrative law judge on September 16, 1982. At that hearing, the claimant appeared in person and Mr. Robert Hawes appeared for Lakin State Hospital. The claimant testified that she had worked as a ward clerk at the hospital. When asked whether she had quit or had been discharged, she explained that she had quit. When asked why, she said that the fact that two aides screamed at patients got on her nerves. She also testified that she did not intend to go back. Mr. Hawes testified that the claimant did not show up for work or notify anybody of her ability or inability to return to work. He stated that the hospital was of the view that she had abandoned her position and dismissed her for that reason. He said that his records contained nothing about patient abuse.

The administrative law judge, in his opinion rendered after the hearing, found that even if aides were screaming at patients, this would not have justified the claimant's terminating her employment. He noted that there were procedures which should have been followed for such an incident. He concluded that the claimant had quit her employment voluntarily without good cause involving fault on the part of the employer and that she was disqualified from receiving benefits until such time as she returned to covered employment for at least thirty days.

The claimant appealed the decision of the administrative law judge to the Department of Employment Security Board of Review, en banc, which affirmed the decision of the administrative law judge. The claimant then appealed to the Circuit Court of Kanawha County. By its order dated March 7, 1984, the Circuit Court of Kanawha County affirmed the decision of the Board of Review.

■ It appears that the principal issue in the present appeal is whether the record supports the finding that the claimant was disqualified from receiving unemployment compensation benefits.

Recently, in Syllabus Point 1 of *Murray v. Rutledge*, 174 W.Va. 423, 327 S.E.2d 403 (1985), we affirmed a longstanding rule regarding when an employee is justified in leaving his job voluntarily:

> " 'Customary working conditions, not involving deceit or other wrongful conduct on the part of the employer are not a sufficient reason for an employee to leave his most recent work voluntarily....' Syl., *Amherst Coal Co. v. Hix*, 128 W.Va. 119, 35 S.E.2d 733 (1945)."

■ Although the claimant contends that she was disturbed by screams which she heard in the course of her employment, there is no indication that the conditions in the hospital differed from conditions customarily present in such a hospital. The record does indicate that there was a procedure for reporting and correcting any irregularities or abuses which occurred. We believe that under the rule set forth in the *Amherst Coal* case, the simple fact that the claimant heard screams in the course of her employment, given the customary nature of her employment, did not justify her leaving her job voluntarily without notifying her employer of her actions or of her reasons for leaving.

■ Additionally, the claimant argues that the administrative law judge in her case improperly switched the issue in the case from misconduct to voluntary quit without affording her prior notice of the voluntary quit issue. She states that the deputy initially disqualified her because of "gross misconduct" and that when she went before the administrative law judge the issue in the case was shifted from misconduct to the question of whether or not she had voluntarily quit. She contends that by shifting the issue the administrative law judge denied her notice and opportunity to prepare her case. In effect, she argues that she was denied due process of law.

After examining the record, we find this assignment of error to be without merit. The letter discharging the claimant clearly indicated that she was discharged because of repeated absences without leave. Although the deputy in his decision checked a box which indicated that the claimant was discharged for misconduct, his opinion clearly indicates that in his view the misconduct was her absenteeism and the abandonment of her position.

■ Another of the claimant's assertions is that the judge and Board of Review failed to make a proper inquiry into the facts of the case and failed to make adequate findings of fact and conclusions of law. The record indicates that a hearing, although a short one, was held in this case. The claimant was afforded an opportunity to present evidence and did present evidence at that hearing. Likewise, her employer presented evidence. As previously explained, that evidence supported the findings of fact and we believe those findings of fact supported the conclusions of law relevant to the claimant's disqualification to receive unemployment compensation benefits, that is, that she did quit her employment voluntarily without good cause involving fault on the part of the employer.

■ Finally, the claimant argues that the findings of fact and conclusions of law made by the circuit court and the Board of Review were inadequate. The Board of Review and the court essentially adopted the findings of the administrative law judge. Those findings were that the claimant heard aides screaming at patients and that she did quit her job voluntarily without good cause. The administrative law judge, the Board of Review, and the circuit court, by adoption, all concluded that under these facts, the claimant was disqualified from receiving benefits under W.Va.Code, 21A–6–3. Although brief, these findings and conclusions, we believe, were adequate given the issue in the case.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.